AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
JUL 18 2024
MITCHELL R. ELFERS
CLERK OF COURT

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The body of Ignacio Jaramillo
YOB: 2004.

)
)
) Case No. 24-1355 mr
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached and incorporated fully by reference herein.

located in the _____ District of _____New Mexico_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached and incorporated fully by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm and Ammunition. |

The application is based on these facts:
See Affidavit in Attachment C, attached and incorporated herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

David Bowen, Criminal Investigator
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__electronic submission and telephonic swearing__ *(specify reliable electronic means)*.

Date: 18 Jul 2024

*Judge's signature*

City and state: Las Cruces, New Mexico    Damian L. Martinez, United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

## PERSON TO BE SEARCHED

Ignacio Jaramillo was born on 05/20/2004. Jaramillo has a Social Security number ending in 7643. He is currently incarcerated at the Luna County Detention Center in Deming, NM. Jaramillo is approximately 6'00" tall and weighs approximately 210 lbs. Jaramillo has black hair and brown eyes.

Jaramillo is pictured below:



1

## ATTACHMENT B
PROPERTY TO BE SEIZED BY THE GOVERNMENT

The following material, which constitute evidence of the commission of a criminal offense, namely violations of 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition.

1. Law enforcement will use DNA buccal swabs to collect samples of DNA from Ignacio Jaramillo.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: | Case No. |
| THE BODY OF IGNACIO JARAMILLO, YOB: 2004. | **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41
FOR A WARRANT TO SEARCH AND SEIZE**

I, David Bowen being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I am currently employed as a Special Agent at Homeland Security Investigations (HSI), and I have worked in the Deming, New Mexico office since September 12, 2021. My duties include investigating federal criminal offenses in the District of New Mexico. I have worked numerous investigations, received training, education, and experience with the identification and investigation of violations related to Titles 8, 18, and 21 of the United States Code. I have also received on the job training from other experienced agents, officers, and detectives from federal, state, and local agencies, who have extensive experience in the investigation of firearms violations.

2.  Through my training and experience, I am aware that human bodily fluids and tissues, to include skin cells, contain deoxyribonucleic acid (DNA), which can be used to help identify an individual, and that DNA from human tissue can potentially be recovered and used to help identify an individual after that individual comes in contact with a surface. I am also aware

1

that when individuals handle firearms, their DNA is often left behind and is often detectable by lab technicians.

3. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to collect deoxyribonucleic acid (DNA), by way of buccal swabs, from Ignacio Jaramillo for laboratory analysis. I believe Jaramillo's DNA may be present on an AR-15 rifle and ammunition seized during his arrest for an outstanding warrant.

4. Jaramillo is currently in custody of the Luna County Detention Center, in the District of New Mexico. Jaramillo was charged by the District of New Mexico, United States Attorney's Office on July 9, 2024, with violations of 18 USC § 922(g)(1): Felon in Possession of a Firearm and Ammunition.

5. Because this affidavit is submitted for the limited purpose of seeking a search warrant to collect DNA samples from Jaramillo, I have not set forth each and every fact I have learned during the course of this investigation. I have set forth only the facts that I believe are necessary to establish the foundation for an order authorizing the requested search warrant.

## PURPOSE OF THE AFFIDAVIT

6. As set forth herein, there is probable cause to believe that Jaramillo committed violations of 18 USC § 922(g)(1): Felon in Possession of a Firearm and Ammunition. Because there is probable cause to believe Jaramillo possessed the AR-15 rifle and ammunition relevant to those crimes, there is also probable cause to believe that Jaramillo's DNA will be found on pieces of evidence collected in this investigation. Therefore, there is probable cause to collect a DNA sample from Jaramillo via buccal swab in order to compare it with samples collected from the lawfully seized evidence in this case.

## FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE

7.  On May 21, 2024, Luna County Sheriff's Office (LCSO) deputies responded to a call regarding Ignacio Jaramillo. The reporting party ("victim") stated that Jaramillo assaulted the victim and pointed an assault-style rifle at the victim. The victim indicated knowledge that the assault rifle was loaded because Jaramillo accidentally discharged the rifle during the incident.

8.  On May 29, 2024, HSI Deming and Border Drug Taskforce (BDTF) agents arrested Jaramillo for an outstanding state arrest warrant. Agents encountered Jaramillo after observing a black Nissan Altima parked at a residence in Deming, NM. Agents had credible information and reason to believe that Jaramillo was driving a black Nissan Altima bearing NM temporary license plates and that this particular residence belonged to someone associated with a relative of Jaramillo.

9.  As agents approached the residence, they observed Jaramillo standing next to the black Nissan Altima and then walk into the residence. After locating Jaramillo, and placing him under arrest for the outstanding warrant, agents confirmed that the black Nissan Altima was bearing NM temporary license plates. When asked about the vehicle, Jaramillo stated that it belonged to a friend. He stated that he didn't know anything about it and reiterated that it did not belong to him. He claimed no interest in the vehicle or its contents. Agents exhausted all available means to locate the driver/owner of the black Nissan Altima at the residence with no success.

10. HSI Deming and BDTF agents conducted a walk around of the Nissan Altima as a safety precaution to make sure it was unoccupied. During that walk around, HSI Deming SAs and BDTF officers noticed an AR-15 style rifle wedged between the center console of the vehicle and the passenger seat. Agents spoke with the homeowner and asked if they could

retrieve the rifle. The homeowner stated that it did not belong to the homeowner and the homeowner had no personal knowledge of who it belonged to. The homeowner stated agents could take the rifle. Agents explained that they were going to take the rifle, out of an abundance of caution, and that if the rightful owner wanted to reclaim it, they could call the HSI Deming office to retrieve it.

11.     On May 30, 2024, Jaramillo placed a recorded jail call from the Luna County Detention Facility. During that recorded call, Jaramillo asked the caller if they retrieved everything from the car and the truck. Jaramillo also asked the caller if they retrieved anything from the black car.

12.     Jaramillo stated that he also had "that thing" inside the car. The caller responded that that the cops took "that thing". Jaramillo asked the caller to confirm if the cops took "that thing". The caller again told Jaramillo that the cops took "that thing". Jaramillo told the caller that the caller messed up. They should not have let the cops retrieve "that thing" from the vehicle. The caller explained to him that they could not secure it because all the cops were present.

13.     Jaramillo told her that there is no way the cops got that "fusca." I know from past training and experience that "fusca" is a Spanish slang term commonly used for gun. Jaramillo reiterated that the cops would have charged him with it already if they had gotten it.

14.     Based on the foregoing, there is probable cause to believe that the DNA samples sought through this warrant will provide evidence pertaining to violations of:

   a)     18 U.S.C. § 922(g)(1) – Felon in possession of a firearm and ammunition.

15.     The items of evidence listed above are all in the lawful custody of HSI located at 1701 S Columbus Rd, Deming, NM 88030. Based on my training, experience, and involvement

in this case, I know that these items were collected and have been stored in such a manner that DNA present on the evidence at the time of collection will still be present on the evidence at this time. Contemporaneously with the execution of this warrant, investigators will obtain sample swabs from the AR-15 rifle, AR-15 ammunition magazine, and ammunition described above. Those samples will be compared with the DNA samples collected from Jaramillo pursuant to the authorization sought in this application.

16. The buccal swab samples from Jaramillo will be obtained pursuant to approved procedures, without unnecessary discomfort to Jaramillo, in private, and under circumstances where he will feel little or no pain or embarrassment.

17. Based on the aforementioned information, including Jaramillo's lengthy criminal history and propensity to flee law enforcement, I believe there is a high likelihood that Jaramillo may not comply with this search warrant. Therefore, I request the Court's permission to use reasonable force, only, if necessary, to execute this search warrant.

18. Jaramillo can be described as being approximately 6'00" tall and weighs approximately 210 lbs. Jaramillo has black hair, brown eyes and his date of birth is May, 20, 2024. He is currently in the custody of the United States Marshals Service at the Luna County Detention Center in the District of New Mexico.

**CONCLUSION**

19. Based on the above information, there is probable cause to believe that Jaramillo committed violations of 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition and that the DNA samples sought in this warrant will provide evidence of those violations. Therefore, I am seeking authorization under Rule 41 of the Federal Rules of Criminal

Procedure to collect a DNA sample from Jaramillo, via buccal swab, to compare with any DNA that is found on the evidence seized in this matter.

20. This affidavit has been reviewed and approved by Assistant United States Attorney Alyson Hehr.

Respectfully submitted,

David Bowen
Special Agent
Homeland Security Investigations

Telephonically sworn and electronically signed on July 18, 2024:

Damian L. Martinez
United States Magistrate Judge